UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD CARL HOWARD,

               Plaintiff,

   v.

GREGORY MONTAGUE, et al.,

               Defendant.

CASE NO. 3:23-cv-05076-DGE-BAT

**REPORT AND RECOMMENDATION**

On January 30, 2021, Plaintiff, a prisoner detained at the Stafford Creek Corrections Center, filed a *pro se* 42 U.S.C. § 1983 complaint alleging Defendants violated his rights in December 2019. By separate order, Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 5. Because the complaint was filed more than three years after the alleged violations, it is untimely. Further the complaint alleges acts that Plaintiff plainly would have been aware of. As Plaintiff could have, but failed to timely bring this action, there are thus no equitable grounds to toll the statute of limitations.

The Court accordingly recommends the complaint be DISMISSED with prejudice at this point. The Court further recommends leave to amend the complaint be denied because no amendment would cure the untimeliness of the complaint and amendment would thus be futile.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

### A. Legal Standards

The Court screens complaints filed by detainees such as Plaintiff under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The Court has screened the complaint and concludes it is barred by the statute of limitations. Because no amendment can overcome this barrier, the Court recommends the case be dismissed without leave to amend.

### B. The Complaint

The complaint alleges in Count I "cruel and unusual punishment (assaulted by Gregory Montague)." Dkt. 6 at 4. In support, Plaintiff avers that on December 17, 2019, community corrections officers came to his residence alleging he had violated conditions of state supervision. *Id.* Plaintiff was taken into custody by corrections officers Gregory Montague and Esther Oh and placed into a vehicle. After detaining Plaintiff, the officers stopped at St. Joseph's hospital where Defendants removed Plaintiff from the vehicle claiming they needed to pick up Plaintiff's medications. When Plaintiff refused to move, Defendant Montague "strangled," jumped on Plaintiff, and punched Plaintiff. *Id.* at 5. Plaintiff also alleges that rather than taking Plaintiff to the Pierce County Jail which was close-by, Defendants drove him to the King County Jail.

Count II alleges "negligence" in that Defendant Oh failed to intervene when Defendant Montague was assaulting Plaintiff on December 17, 2019. *Id.* at 6.

REPORT AND RECOMMENDATION - 2

Count III alleges "due process." *Id.* at 7. Plaintiff claims Defendants came to his residence on December 17, 2019, without a "valid warrant" and that he was not immediately taken to a jail "to start the process to have any hearing to defend myself against the allegations." *Id.* at 8.

C. **Statute of Limitations**

Plaintiff has filed a complaint under 42 U.S.C. § 1983. Section 1983 contains no statute of limitations, and the Court thus applies the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id.*

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time-period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Plaintiff alleges Defendants violated his rights on December 17, 2019. He obviously knew about these acts on that date because he alleges Defendants arrested him at his home without a warrant; drove him to a hospital where they assaulted him, and then failed to take him to the nearest jail. Plaintiff signed his complaint on January 25, 2023, and the Court received it on January 30, 2023. The record thus clearly establishes that Plaintiff's complaint was filed outside the three-year statute of limitations and should be dismissed as untimely.

REPORT AND RECOMMENDATION - 3

Because the complaint was filed outside of the statute of limitations, the Court has considered whether there are grounds to equitably toll the limitations period. The Court also applies Washington State law regarding equitable tolling for § 1983 actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Here, there are no grounds to equitably toll the statute of limitations. Plaintiff alleges Defendants violated his rights by arresting him without a warrant and assaulting him. These are allegations that Plaintiff plainly and obviously knew about on the day they occurred, December 17, 2019. As Plaintiff could have but failed to file the complaint within the three-year limitations period, he has failed to exercise due diligence which is one of the predicates required to establish equitable tolling.

**D.   Dismissal Without Leave to Amend**

The Court may on its own dismiss a complaint where the untimeliness of the complaint is obvious from the face of the pleadings or from the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984). Here dismissal is appropriate because the complaint plainly and unambiguously alleges acts which fall outside the statute of limitations.

The untimeliness of the complaint precludes leave to amend. The Court holds pro se plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a pro se complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). When dismissing a complaint under § 1915(e), the Court gives pro se plaintiffs leave to

amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, no amendment can cure the fact the complaint is barred by the statute of limitations and should thus be dismissed at this juncture. *See e.g., Eggers v. U.S.*, 368 Fed. Appx 805 (9th Cir. 2010) (District court's dismissal of § 1983 claims as time-barred and without leave to amend upheld because further amendment would be futile).

The Court accordingly recommend the complaint and case be dismissed with prejudice at this juncture and leave to file an amended complaint be denied as futile.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, Plaintiff shall not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **February 23, 2023.**  The Clerk shall note the matter for **February 24, 2023**, as ready for the District Judge's consideration.

The failure to timely object may affect the right to appeal.

DATED this 8th day of February, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge