UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD CARL HOWARD,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>GREGORY MONTAGUE et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:23-cv-05076-DGE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.　INTRODUCTION

This matter comes before the Court on Magistrate Judge Brian A. Tsuchida's Report and Recommendation dismissing Plaintiff Richard Howard's complaint. (Dkt. No. 7.) Plaintiff timely objected to the Report and Recommendation. (Dkt. No. 8.)

## II.　BACKGROUND

Plaintiff, proceeding pro se, filed his Complaint for damages on January 30, 2023. (Dkt. No. 1.) The Complaint alleges Eighth Amendment violations, negligence, and due process violations. (*Id*. at 4, 6, 7.) His claims stem from an arrest by Officers Gregory Montague and

1  Esther Oh on December 17, 2019, where Plaintiff alleges Defendant Montague assaulted him
2  and Defendant Oh did not intervene.  (*Id*. at 5-6.)

3  Magistrate Judge Tsuchida issued a Report and Recommendation, finding the statute of
4  limitations on Plaintiff's claims had run and Plaintiff is barred from filing suit.  (Dkt. No. 7 at 3.)
5  Plaintiff timely filed an objection, arguing that because he "first exhausted all administrative
6  remedies which include a tort claim that was first investigated then denied[,]" the three-year
7  statute of limitations was inapplicable.  (Dkt. No. 8 at 1.)  He asserts that his "filing of a tort
8  claim provides him with an additional sixty (60) days on top of the three years he had to file a
9  lawsuit, and therefore, [Plaintiff] had until February 17[,] 2023 to file any claim."  (*Id*. at 1–2.)

### III.    DISCUSSION

Causes of action arising under 42 U.S.C. § 1983 borrow their limitations period from the forum state's limitations period for personal injury cases.  *Robinson v. City of Seattle*, 830 P.2d 318 (Wash. 1992); *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981).  The "applicable period of limitations for [a §] 1983 action is three years under [Washington Revised Code §] 4.16.080(2)."  *Rose*, 654 F.2d at 547.

Although claims against a local entity in Washington are normally tolled 60 days after the claim is presented to the local entity's agent, *see* Washington Revised Code § 4.96.020(4), Washington's special tolling provision is inapplicable to § 1983 claims.  *Boston v. Kitsap County*, 852 F.3d 1182 (9th Cir. 2017) ("[Washington Revised Code § 4.96.020] does not operate to toll the state's general residual limitations period to § 1983 actions, and Appellee's § 1983 claim should thus have been dismissed.").

Thus, contrary to Plaintiff's objection, his filing of a "tort claim that was first investigated then denied" did not toll the applicable statute of limitations. Because Plaintiff offers no other basis to support equitable tolling of his § 1983 claim, Plaintiff's § 1983 claim is barred.

## IV.  CONCLUSION

Having reviewed the Report and Recommendation (Dkt. No. 7), any objections or responses to that, and the remaining record, the Court find and ORDERS:

1. The Court ADOPTS the Report and Recommendation.
2. The case is dismissed with prejudice.
3. The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

Dated this 11th day of May, 2023.

David G. Estudillo
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 3